UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIO CESAR CABRERA GERON,

Petitioner,

v. Case No.: 2:26-cv-02731-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

_______________________________/

**OPINION AND ORDER**

Before the Court are Julio Cesar Cabrera Geron's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Cabrera Geron is a native of Mexico who entered the United States without inspection about 16 years ago. On May 26, 2026, local police arrested Cabrera Geron during a traffic stop and handed him over to Immigration and Customs Enforcement (ICE). ICE commenced removal proceedings by issuing a notice to appear and determined Cabrera Geron would be detained pending resolution of the removal case. Cabrera Geron requested a custody redetermination.

On July 1, 2026, an immigration judge found that Cabrera Geron failed to demonstrate he does not pose a danger to the community and a risk of flight and denied release on bond. (Doc. 6-1 at 11). Cabrera Geron has appealed the

bond decision to the Board of Immigration Appeals. In August, Cabrera Geron filed a habeas petition, arguing he could not be lawfully detained under 8 U.S.C. §§ 1225(b), 1226(c), 1231, or some other provision. In response, the government certified it is detaining Cabrera Geron under § 1226(a). Cabrera Geron acknowledged § 1226(a) authorized his detention and identified no statutory or constitutional defect that made his detention unlawful. The Court thus denied his first habeas petition.

In his second petition, Cabrera Geron argues his detention violates the Due Process Clause of the Fifth Amendment because it has become prolonged and excessive. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). There is no hard limit on how long a noncitizen can be detained under § 1226(a). In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.* When considering the constitutionality of prolonged detention of criminal aliens under § 1226(c), the Eleventh Circuit found "[t]he need for a bond inquiry is likely to arise in the six-month to one-year window[.]" *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016).

The Court held in August 2026 that Cabrera Geron received due process in the form of a bond hearing. He has now been detained for just over five months. Under the guidance provided in the above-cited Supreme Court and Eleventh Circuit precedence, the Court does not find that the current duration of Cabrera Geron's makes additional process necessary. Accordingly, Cabrera Geron's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on October 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record